CHARLES H. ROSENBERG ET AL. *v.* PLANNING BOARD OF THE CITY OF STAMFORD ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 3—decided December 19, 1967

*Julius B. Kuriansky,* with whom was *Gordon R. Paterson,* for the appellant-appellee (defendant Benenson).

*Theodore Godlin,* assistant corporation counsel, with whom, on the brief, was *W. Patrick Ryan,* corporation counsel, for the appellant-appellee (named defendant).

*Isadore M. Mackler,* for the appellees-appellants (plaintiffs).

THIM, J. The defendant Edward H. Benenson owns approximately thirty-five acres of unimproved land in Stamford on which he desires to construct office and laboratory buildings. Benenson's land is presently designated in the city's master plan as "Residential Single Family Plots Less Than One Acre." It is also zoned for that use on the city's zoning map. A change in the zone classification is necessary before the land can be put to the contemplated use. The Stamford municipal charter provides that the zoning map cannot be amended by the zoning board "to permit a use in any area which is contrary to the general land use established for such area by the master plan." Stamford Charter § 552; 26 Spec. Laws 1234 § 552; *Huhta* v. *Zoning Board*

*of Appeals,* 151 Conn. 694, 698, 202 A.2d 139. Consequently, Benenson took the preliminary step to obtaining a change of zone by requesting the planning board in July, 1964, to change his property's designation in the master plan from "Residential Single Family Plots Less Than One Acre" to "Designed Commercial or Industrial Parks." After a public hearing, the planning board decided to grant his request. The plaintiffs, who are the owners of property in proximity to Benenson's land, appealed this decision to the Court of Common Pleas, which sustained their appeal. From the judgment of the Court of Common Pleas, the defendants appealed to us. The plaintiffs have filed a cross appeal.

The Court of Common Pleas gave three reasons for sustaining the plaintiffs' appeal to that court: (1) Benenson failed to show conditions had changed since the denial of a similar application five years earlier. (2) Without planned provision for increased traffic, the change would create a traffic problem. (3) The change was made for the benefit of Benenson at the expense of surrounding property owners.

The record reveals that in August, 1959, the planning board denied a similar application which sought a change of the designation of this property in the master plan. The trial court was of the opinion that a legislative body such as the planning board could not change the designation of this property in the master plan unless it was shown that there had been a change of conditions since the denial of a prior similar application. We disagree. In the first place, the defendant planning board cannot properly be regarded as a legislative body. Ordinarily, as is the case in municipalities which operate under the general law, the designation by the master plan of land uses in various areas is

merely advisory. See such cases as *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 473, 226 A.2d 509; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 123, 127 A.2d 822. The Stamford master plan is more than this. As we have noted, under the Stamford charter the zoning board cannot amend the zoning map in a manner inconsistent with the master plan, which is prepared by the planning board. Nevertheless the planning board does not legislate. It has no power to make, amend or repeal existing zoning regulations or zone boundaries. See *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 10, 202 A.2d 241. Its duty is to make recommendations to the zoning board "designed to promote with the greatest efficiency and economy the coordinated development of the municipality and the general welfare, health and safety of its people." Stamford Charter § 522; 26 Spec. Laws 1229 § 522. In order properly to fulfil its duty, the planning board must anticipate rather than await changes of conditions. To hold that without a change of conditions the planning board is powerless to amend the master plan would be to thwart a prime function of the planning board which is to anticipate and direct the future orderly development of the city of Stamford.

Even if the planning board could be considered a legislative body, the fact that conditions have not changed since the denial of a prior similar application would not preclude it from amending the master plan. As we recently pointed out, "[a] legislative body is not necessarily bound by the rule which prohibits administrative boards, such as a zoning board of appeals, from reversing earlier decisions without a change in circumstances. *Young* v. *Town Planning & Zoning Commission,* . . . [151

Conn. 235, 243, 196 A.2d 427]; *Corsino* v. *Grover,* 148 Conn. 299, 310, 170 A.2d 267; see 1 Yokley, Zoning Law and Practice (3d Ed.) § 7-3." *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 209, 230 A.2d 606. A legislative body ought to be free to amend its enactments when, for example, time and experience have shown the existing provisions are unwise or a change is desirable. *Andrew C. Petersen, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 638, 643, 228 A.2d 126; *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* supra. Indeed, under some circumstances, the lack of any change of conditions may indicate to the legislative body that a change of zone boundaries or regulations is desirable to encourage municipal development.

The second reason given by the trial court for sustaining the plaintiffs' appeal was that the amendment of the master plan by the planning board would increase traffic congestion and that no provisions had been made for the alleviation of that problem. Again, the trial court misconceived the function and power of the planning board. The amendment to the master plan in no way alters existing zone boundaries. It does not affect the uses permitted under the zoning regulations, nor can it have any impact on present traffic patterns. The possible impact of a change of zone on the existing traffic patterns and facilities will, of course, require the attention of the zoning board if and when an application is made to the zoning board for a change of zone. Stamford Charter § 550; 26 Spec. Laws 1234 § 550; see *Gordon* v. *Zoning Board,* 145 Conn. 597, 601, 604, 145 A.2d 746.

The final reason stated by the trial court for sustaining the appeal was that the change of the master

plan was made only for the benefit of one property owner at the expense of the surrounding property owners. It seems obvious that Benenson will benefit by the change, provided the zoning board rezones the property. If the predominant purpose of the planning board in amending the master plan, however, was to benefit Stamford as a whole rather than Benenson, its action was not unreasonable and arbitrary although Benenson will receive incidental benefit from the change. See *Levinsky* v. *Zoning Commission*, 144 Conn. 117, 125, 127 A.2d 822; see also *Ferndale Dairy, Inc.* v. *Zoning Commission*, 148 Conn. 172, 175, 169 A.2d 268. The board had before it a comprehensive report of a survey concerning the economic growth of Stamford and the necessity of planning for the future development of the city. The report recommends to the planning board that large tracts of land near the downtown area and close to parkway facilities be made available for research laboratories and other like industrial facilities. Benenson's property is unimproved. Due north of his property are the eastbound and westbound access roads to the Merritt Parkway. To the east, his property fronts for more than a thousand feet on Long Ridge Road, a state highway. There is nothing in the record which indicates that the planning board acted in bad faith or otherwise than in the honest belief that its action, in amending the master plan, would promote the coordinated development of the city and the general welfare of its people. Stamford Charter § 522; 26 Spec. Laws 1228 § 522. We conclude that the trial court erred in sustaining the plaintiffs' appeal on any of the foregoing grounds.

This conclusion brings us to the limited issue presented by the plaintiffs' cross appeal. The plain-

tiffs contend that the trial court erred in concluding that they had not met their burden of proving that a copy of the proposed amendment to the master plan was not filed in the office of the town clerk pursuant to § 522.6 of the Stamford charter (26 Spec. Laws 1230 § 522.6), the pertinent provision of which requires that a copy of the proposed amendment shall be filed in the office of the town clerk at least ten days before the public hearing on the proposed amendment. Because the issue had not been raised at the public hearing before the board, the trial court took additional testimony and made a limited finding of facts. The plaintiffs point to one paragraph of the finding of facts wherein the court found that a copy of the proposed amendment was not filed in the office of the town clerk at least ten days before the public hearing. They claim that because this finding of subordinate fact is inconsistent with the conclusion of the court concerning their failure to sustain their burden of proof on this point, that conclusion cannot stand. There would be merit to this claim if we could properly ignore the balance of the court's finding. This we cannot do, however. It is our duty to construe the finding as a whole and to give it a reasonable construction. *Cook* v. *Simon,* 98 Conn. 98, 101, 118 A. 634; Maltbie, Conn. App. Proc. § 135. The court found, and these findings are not attacked, that the town clerk kept no record of notices he received from the planning board, that such notices were generally left in the office of the town clerk with the person in attendance, that the town clerk personally filed such notices, that such notices are not indexed by the office of the town clerk, and that, approximately one month after the public hearing on the amendment, the notice of the proposed amendments was not in

the files of the town clerk. It seems apparent, when these subordinate findings are read in conjunction with the finding that the amendment was not filed in the office of the town clerk, that the court only meant to indicate by that finding that the amendment had not actually been placed in the files of the town clerk. This meaning of the language which the court used is supported by the memorandum of decision, which we have consulted for a better understanding of its decision. *Masda Realty Corporation* v. *Name Realty Corporation,* 151 Conn. 204, 206, 195 A.2d 559. Merely because the notice of the amendment was not placed in the files of the town clerk does not indicate that the planning board failed to comply with the requirement of § 522.6 of the Stamford charter. 26 Spec. Laws 1230 § 522.6. Filing is accomplished by an actual delivery to the proper officer of the thing to be filed. *Piscitello* v. *Boscarello,* 113 Conn. 128, 131, 154 A. 168. In the present case, one of the court's conclusions was that "[a] copy of the proposed amendment to the Master Plan . . . was delivered to the office of the Town Clerk by the office of the Planning Board, as required by § 522.6 of the City Charter." This conclusion is supported by the court's finding of subordinate facts.

The plaintiffs had the burden of proof, in the sense of the risk of nonpersuasion, that the proposed amendment had not been filed in the office of the town clerk. *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 17, 230 A.2d 31. In view of the finding of subordinate facts and the conclusion by the court that there had been an actual delivery of the proposed amendment to the office of the town clerk, the court was correct in concluding that the plaintiffs had failed to sustain their burden.

There is error on the defendants' appeal, the

judgment is set aside and the case is remanded with direction to dismiss the plaintiffs' appeal; there is no error on the plaintiffs' appeal.

In this opinion, as to the defendants' appeal, the other judges concurred; as to the plaintiffs' appeal, HOUSE and RYAN, Js., concurred; ALCORN and COVELLO, Js., would find error.