CITY SAVINGS BANK OF BRIDGEPORT *v.* RAYMOND LAWLER ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and FITZGERALD, Js.

Argued March 7—decided May 24, 1972

*Millard Kaufman,* for the appellant (named defendant).

*Carleton D. Powell,* of the Virginia bar, with whom were *Stewart H. Jones,* United States attorney, and *Richard L. Winter,* chief assistant United States attorney, for the appellant (defendant the United States of America).

*Robert J. Berta,* with whom was *Morris B. Canning,* for the appellee (plaintiff).

HOUSE, C. J. This appeal, taken by the defendant Raymond Lawler, hereinafter referred to as Raymond, is from a judgment of strict foreclosure of a mortgage. His sole assignment of error is that the court "erred in ordering a strict foreclosure, but not in vacating the liens of defendant, United States of America, as incumbrances on the real estate being foreclosed." The liens are for internal revenue taxes claimed to be owed by Danny Lawler, hereinafter referred to as Danny, who is the brother of Raymond and was a cosigner of the mortgage note secured by the mortgage deed from Raymond. The liens were filed five years after the mortgage deed from Raymond was recorded. The defendant Raymond contends that there is error on the face of the record and no finding was requested from or filed by the trial court.

The judgment recites that all the parties appeared except the defendant Danny who was defaulted for nonappearance. On motion of the plaintiff, all the defendants were defaulted for failure to disclose a defense but the default against the United States was subsequently opened and the United States filed an answer asserting the priority of its liens and praying that the court adjudicate the equities of the parties to the action and that if the premises were sold that they be sold free and clear of all liens and incumbrances save the right of redemption vested in the United States of America by statute and the proceeds derived from the sale be applied to the payment of liens of the various parties in accordance with their respective priorities. Although the plaintiff in its complaint sought foreclosure by sale, the defendant Raymond moved for strict foreclosure. The judgment noted that the court heard the parties on their motions, that it

found that the tax liens were filed over five years after the mortgage, at a time when Raymond was the record owner of the mortgaged premises and that there was no evidence that the conveyance from Danny to Raymond was in fraud of creditors. The plaintiff's motion for foreclosure by sale was denied and Raymond's motion for strict foreclosure was granted. The judgment set a law day for Raymond, the following day as the law day for the United States and subsequent law days for other defendants except Danny for whom no law day was assigned because, the judgment recites, "he has no interest whatever in the premises herein foreclosed and hence no right of redemption." The judgment also decreed that on the payment of the debt and costs by any incumbrancer, after all subsequent parties in interest had been foreclosed, "the title to said property shall vest absolutely in such incumbrancer making such payment, subject to such unpaid incumbrances, if any, as precede him."

In the absence of a finding, the record on this appeal consists only of the complaint, the answer filed by the United States, the motions made at the trial and the judgment. *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213.

The defendant Raymond has urged us to consider several statements contained in the judgment as indicative of an adjudication by the court that the liens of the United States were invalid.[1] Not only

---

[1] "The Court having heard the parties on said motions finds that the tax liens of the defendant, United States of America, were filed on the Newtown Land Records against the defendant, Danny Lawler, a/k/a Danny Lawler, Jr. on August 2, 1968 and December 4, 1968, over five (5) years after the plaintiff's mortgage dated June 24, 1963, was recorded in the Newtown Land Records on June 26, 1963, at a time when the defendant, Raymond Lawler, was and ever since has been the record owner of the mortgaged premises hereinbefore

are those statements which resemble findings inappropriate for a judgment but a close examination of them indicates that they add little support to his claim. The fact that the tax liens against Danny were filed after his conveyance to Raymond and that no evidence of fraud was produced by any party is not equivalent to a finding that the liens were invalid. Furthermore, the statements of the court printed in the appendix to the brief of the United States clearly indicate that the court took no position on the question of the validity of the government liens "because I don't have sufficient evidence before me, to determine the validity of the lien."

In the limited perspective of the defendant Raymond's sole assignment of error, in the absence of any finding, and especially a finding as to the value of the equity, it is clear that there would, on the face of the record, be no apparent error without recourse to Raymond's stated reason for appeal and the claims advanced by the other parties. The judgment of strict foreclosure was, at least in form, proper and permissible under the holding of such cases as *New Milford Savings Bank* v. *Lederer,* 112 Conn. 447, 451, 152 A. 709. The limited record does disclose, however, that the United States was a party defendant in the foreclosure action, judgment was for strict foreclosure, the defendant's stated reason for appeal was "the refusal of the Court to find that the tax liens of the United States

described. The Court further finds that no oral evidence or documentary evidence that the conveyance from Danny Lawler a/k/a Danny Lawler, Jr., to Raymond Lawler was in fraud of creditors was offered by any party to this action.

. . . . .

"No lawday is assigned to the defendant, Danny Lawler, a/k/a Danny Lawler, Jr., because he has no interest whatever in the premises herein foreclosed and hence no right of redemption."

are not an incumbrance on the real estate being fore-closed," and the judgment did purport to vest absolute title in a redeeming incumbrancer, fixing a law day for the United States. There are thus raised problems in the troublesome and complicated area of federal–state jurisdiction and the sovereign immunity of the United States from suit without its consent. More particularly, the problem is one concerning the validity and effect of federal tax liens on property which is the subject of a mortgage foreclosure action in a state court. For an exhaustive treatment of the general subject, see the three articles by Professor William T. Plumb, Jr., in 77 Yale Law Journal at pages 228, 605 and 1104, entitled "Federal Liens and Priorities—Agenda for the Next Decade."

Before the trial court and in its brief on this appeal, the United States has stressed the provisions of a portion of 28 U.S.C. § 2410, which authorizes the joinder of the United States as a party to a foreclosure action in a state court. Section 2410 (Sup. 1966) states, in part: "(c) A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. A sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien and the proceeds divided as the parties may be entitled. Where a sale of real estate is made

to satisfy a lien prior to that of the United States, the United States shall have one year from the date of sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period shall be 120 days or the period allowable for redemption under State law, whichever is longer." Absent a statute of this nature, it is axiomatic that under the general rule of sovereign immunity the United States could not be properly joined in a mortgage foreclosure action in a state court since, as the sovereign, it is immune from suit unless that immunity is specifically waived. *Larson* v. *Domestic & Foreign Commerce Corporation,* 337 U.S. 682, 69 S. Ct. 1457, 93 L. Ed. 1628, rehearing denied, 338 U.S. 840, 70 S. Ct. 31, 94 L. Ed. 514. Thus, in determining the status of the United States as a party to a foreclosure action in a Connecticut court, we are, in general, bound by federal law and, more specifically here, by the provisions of 28 U.S.C. § 2410. It is the claim of the United States that it ceased to be a party to this foreclosure action once the trial court, on motion by the defendant Raymond, ordered that there be strict foreclosure.

In Connecticut, the law is well settled that whether a mortgage is to be foreclosed by sale or by strict foreclosure is a matter within the sound discretion of the trial court. "Foreclosure is peculiarly an equitable action." *Hartford Federal Savings & Loan Assn.* v. *Lenczyk,* 153 Conn. 457, 463, 217 A.2d 694. "The foreclosure of a mortgage by sale is not a matter of right, but rests in the discretion of the court before which the foreclosure proceedings are pending." *Bradford Realty Corporation* v. *Beetz,* 108 Conn. 26, 31, 142 A. 395; General Statutes § 49-24. Since 28 U.S.C. § 2410 (c) may be read to

restrict the trial court's exercise of discretion in certain foreclosure proceedings, the import of that federal enactment is of material significance when the United States is joined as a party to a foreclosure action pursuant to the partial waiver of federal immunity contained in that statute.

The phrase "must seek judicial sale" as it is used in 28 U.S.C. § 2410 (c) is not entirely free from ambiguity. The position of the United States is that there is no waiver of federal sovereign immunity and it cannot be made a party to a mortgage foreclosure action in a state court unless a judicial sale is sought not only at the outset of the action but also throughout the proceedings which lead up to the sale and distribution of the proceeds. Thus it is its claim that in the present action the trial court lost jurisdiction over the United States as a party when it granted the defendant Raymond's motion for strict foreclosure and to the extent that the judgment is subject to the construction that it modifies or constricts the application of 28 U.S.C. § 2410, it is not binding on the United States.

Significantly, the defendant Raymond does not disagree with the claim of the United States relative to the import of 28 U.S.C. § 2410 (c). He states in his brief: "It is quite clear from a reading of . . . [28 U.S.C. § 2410 (c)] that it was the intent of Congress that the United States shall be bound by a judgment of foreclosure only where there is a foreclosure by sale. . . . Therefore a judgment of strict foreclosure as in the present case is ineffectual against the United States and cannot discharge federal tax liens." In fact, he argues that because this is the law and the court did nevertheless order strict foreclosure rather than foreclosure by sale the court "in effect" found that the tax liens were invalid—a

conclusion which we have already noted is not justified by the record.

Our research indicates that this question is one of first impression, perhaps due to the fact that Connecticut's foreclosure procedure is somewhat unique and also to the fact that this portion of the statute was added by amendment in 1966. Pub. L. No. 89-719, § 201, 80 Stat. 1147, 28 U.S.C. § 2410 (c) (1970 Ed.). A review of the congressional legislative history of the amendment is of small assistance since the Senate and House reports do little more than mirror the language of the amendment. S. Rep. No. 1708, 1966 U.S.C.C. & A. Vol. 3, pp. 3722, 3755; H. Rep. No. 1884, 1966-2 Cum. Bull. pp. 815, 874.

Our decision on the merits of the federal government's contention must, therefore, of necessity, be based on the well-settled rules of statutory construction. "Courts, in construing statutes, consider their legislative history, their language, their purpose, and the circumstances surrounding their enactment." *Mack* v. *Saars,* 150 Conn. 290, 294, 188 A.2d 863; *Delinks* v. *McGowan,* 148 Conn. 614, 618, 173 A.2d 488; *Cassidy* v. *Tait,* 140 Conn. 156, 160, 98 A.2d 808. "[W]e must seek a meaning which avoids a result which the legislature could not have intended even at the expense of departing from the literal meaning of the words used. *Eddy* v. *Liquor Control Commission,* 138 Conn. 564, 566, 86 A.2d 867; *Kuehne* v. *Town Council,* 136 Conn. 452, 456, 72 A.2d 474." *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 103, 291 A.2d 721.

The history of § 2410 and other relevant federal lien statutes prior to 1966 is summarized in the 1960 opinion of Mr. Justice Harlan of the United States Supreme Court in *United States* v. *Brosnan,* 363

U.S. 237, 80 S. Ct. 1108, 4 L. Ed. 2d 1192. He concluded that "[u]nder § 2410, a judicial sale is to have the same effect as it would have under local law, but nothing in the section indicates when a judicial sale is to be had." Id., 246. It was in 1966, after the decision in *Brosnan* that Congress amended § 2410 and added the language "must seek judicial sale." Professor Plumb, in his article entitled "Federal Liens and Priorities—Agenda for the Next Decade," to which we have previously referred, in discussing the 1966 amendment concluded (p. 1169): "When resort to the courts is necessary, the existence of a federal tax lien duly filed before commencement of the action would seem to *preclude strict foreclosure.*" (Emphasis added.) While his interpretation is certainly not controlling, it is one with which we are constrained to agree.

The theory of strict foreclosure is that any defendant given a law day may, if he so chooses, redeem the property subject to liens superior to his own. The procedure is designed to insure that a junior lienor will not lose his security interest in the liened property when the worth of the property exceeds the value of the senior liens. Thus, in theory as well as practice, strict foreclosure is equitable only where the junior lienor has the power to redeem.

The United States Code provides the authority for certain government officials to redeem property on which there is a federal lien. The power granted to these officials, however, at least as to tax liens, is limited to situations where there has been a foreclosure by sale. A study of the relevant portions of federal law indicates that no official of the federal government is specifically authorized to redeem in a strict foreclosure action. See 28 U.S.C. § 2410 (d);

Int. Rev. Code § 7425. While it may be that the general powers to sue and be sued do, by implication, provide the necessary authority to redeem, it is clear to us that Congress, in Public Law No. 89-719, envisioned that the United States is a proper party only where there is foreclosure by sale. When two constructions are possible, courts will adopt that which makes the statute effective and workable, and not one which leads to difficult and possibly bizarre results. *Muller* v. *Town Plan & Zoning Commission,* 145 Conn. 325, 331, 142 A.2d 524; *Bridgeport* v. *Stratford,* 142 Conn. 634, 644, 116 A.2d 308.

There is error apparent on the face of the record in the portion of the judgment which assigns a law day to the United States in a judgment for strict foreclosure where the interest of the United States arises from its tax lien and the judgment purports to vest absolute title in a redeeming incumbrancer. In the context of this appeal, it is unnecessary for us to determine whether under any circumstances a court, in its discretion, may grant a motion for strict foreclosure when an action for foreclosure by sale has been brought and the United States has been named and joined as a party. It is evident, however, that in such a situation and before the motion is granted the United States must be severed as a party and the question of the validity of the federal lien be left for resolution in another action.

There is error, the judgment is set aside and the case is remanded for further proceedings and thereafter for judgment in accordance with this opinion.

In this opinion the other judges concurred.