[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Federal Deposit Insurance Corporation requests the court to discharge a bond it gave in substitution of a judgment lien held by Stephen C. Bombero. FDIC claims the lien was invalid because (1) a copy of the lien was not sent to the judgment debtor in accordance with General Statutes 52-351a and (2) it did not contain the addresses of the judgment creditor and judgment debtor as required by General Statutes 52-380a(a)(1). FDIC CT Page 826 also claims the lien was worthless because of prior encumbrances. Stephen C. Bombero, on the other hand, contends he has been harmed because FDIC's predecessor, The BankMart, failed to name him as a defendant in a foreclosure action and thereby deprived him of an opportunity to redeem the property against which the lien was filed. Because the court concludes the judgment lien did not give Mr. Bombero any security due to the amount of the prior encumbrances, FDIC's application to discharge the bond is granted.
The history of this dispute is as follows: The BankMart, the predecessor in interest to Federal Deposit Insurance Corporation, failed to name Stephen C. Bombero as a defendant in a foreclosure action brought by The BankMart to foreclose the interest of Gary M. Knauf and Kim S. Knauf in property at 76 Putting Green Lane, Trumbull. (The foreclosure case was titled The BankMart v. Gary M. Knauf et al, CV90-0276351S.) Stephen C. Bombero should have been named as a defendant because he had recorded a judgment lien for $37,985.69 against the property. His lien, however, was subject to two mortgages to The BankMart in the principle amounts of $500,000.00 and $150,000.00 and a mortgage to Saybrook Bank Trust Company in the principle amount of $53,000.00. The foreclosure case against the Knaufs was resolved on June 17, 1991, when a judgment of strict foreclosure was entered. The court found the total debt to the BankMart to be $767,181.41 and the value of the property to be $707,000.00. The first law day was set at July 16, 1991. No subsequent encumbrancers redeemed the property. The title became absolute in The BankMart on July 27, 1991. FDIC sold the property on June 24, 1992, for $525,000.00 to persons who are not parties to this litigation.
At the time The BankMart brought the foreclosure action against Gary and Kim Knauf, it also brought two other actions to foreclose Gary Knauf's interest in other property. (These cases were titled The BankMart v. Gary Knauf et al, CV90-0276350S and The BankMart v. Gary Knauf et al, CV90-0276353S.) Mr. Bombero was named as a defendant in these two cases because he had an interest in the properties by virtue of the same judgment lien for $37,985.69. Judgments of strict foreclosure were entered in both cases. In each case, the debt exceeded the value of the property. In neither case did Mr. Bombero redeem on his law day to protect his judgment lien.
Before the property at 76 Putting Green Lane was sold by CT Page 827 FDIC on June 24, 1992, for $525,000.00, FDIC brought an action against Stephen C. Bombero pursuant to General Statutes 49-30
to cure the BankMart's failure to properly foreclose. (This case was titled Federal Deposit Insurance Corporation v. Stephen Bombero, CV92-0294501.) FDIC also brought an action pursuant to General Statutes 52-380e to discharge the judgment lien upon substitution of cash or bond. (This case was titled Federal Deposit Insurance Company v. Bombero, CV92-0294769S.) The first case could not be heard by the court before the scheduled sale. With respect to the second case, the court on June 22, 1992, granted the Application to Discharge the judgment lien upon FDIC's posting cash or bond in the amount of $50,000.00. FDIC thereupon deposited $50,000.00 with an escrow agent. Mr. Bombero released the lien. In this way, title was cleared so that the sale of 76 Putting Green Lane would occur on June 24, 1992.
After cash was substituted for the lien, Mr. Bombero claimed that the proceedings under General Statutes 49-30 and52-380e were no longer applicable. He claimed he had obtained the unconditional right to payment by FDIC of his judgment against Gary Knauf. In response to these claims, FDIC brought the present application to discharge the cash bond.
Had Mr. Bombero been properly named as a defendant in the foreclosure action and given the opportunity to redeem, he would have been required to pay The BankMart $767,181.41 and would have taken the property subject to the $53,000.00 mortgage held by Saybrook Bank Trust Company. At the time, the property was valued at $707,000.00. Mr. Bombero is a property owner in Trumbull where he has worked as a registered land surveyor for twenty-six years. He has owned at various times eight to ten parcels of land. Presumably, he was well aware of the declining land values in the area. He is an experienced investor.
After reviewing the testimony and documents presented in this case, the court is convinced Mr. Bombero would not have redeemed the property to protect his judgment lien for $37,985.69. No reasonable business person would have done so. His lien was worthless. "The theory of strict foreclosure is that any defendant given a law day may, if he so chooses, redeem the property subject to liens superior to his own. The procedure is designed to insure that a junior lienor will not lose his security interest in the liened property when the worth of the property exceeds the value of the senior liens." City CT Page 828 Savings Bank v. Lawler, 163 Conn. 149, 158 (1972). Here, the worth of the property was less than the senior liens. Mr. Bombero's security interest would have been extinguished.
FDIC's application to discharge the $50,000.00 cash bond is granted.
THIM, JUDGE