ARAMIS RIOS ET AL. *v.* CCMC CORPORATION ET AL.
(AC 28024)

Flynn, C. J., and Bishop and Berdon, Js.

Argued December 3, 2007—officially released April 8, 2008

*Donald J. McCarthy, Jr.,* for the appellants (plaintiffs).

*Rebecca M. Harris,* with whom was *Donna R. Zito,* for the appellees (defendants).

*Opinion*

FLYNN, C. J. In 2005, the General Assembly, by enacting Public Acts 2005, No. 05-275, § 2 (P.A. 05-275), required that persons filing legal actions claiming medical negligence, filed on or after October 1, 2005, must annex to the complaint a written and signed opinion of a similar health care provider stating that there appears to be evidence of medical negligence. The principal issue before us in this appeal is whether a complaint delivered to the serving marshal one day prior to the effective date of the public act, but not filed with the clerk of the Superior Court until after its October 1, 2005 effective date, was properly dismissed. We conclude that it was properly dismissed and, accordingly, affirm the judgment of the trial court.

In this medical malpractice action, the plaintiffs Betzabel Flores and her minor daughter, Aramis Rios, appeal from the judgment of the court granting the motion of the defendants, CCMC Corporation, doing business as Connecticut Children's Medical Center, and CCMC Faculty Practice Plan, Inc., to dismiss the complaint for failure to include the opinion of a similar health care provider as required by General Statutes (Rev. to 2005) § 52-190a, as amended by P.A. 05-275, § 2.[1] On appeal, the plaintiffs claim that the court

[1] Effective October 1, 2005, P.A. 05-275, § 2, amended General Statutes § 52-190a (a) to provide as follows: "No civil action or apportionment complaint shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action or apportionment complaint has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint, initial pleading or apportionment complaint shall contain a certificate of the attorney or party filing the action or apportionment complaint that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant or for an apportionment complaint against each named apportionment defendant. To show the existence of such good faith, the claimant or the claimant's attorney, and any apportionment complainant or the apportionment complainant's attorney, shall obtain a written and signed opinion of a similar health care provider, as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. Such written opinion shall not be subject to discovery by any party except for questioning the validity of the certificate. The claimant or the claimant's attorney, and any apportionment complainant or apportionment complainant's attorney, shall retain the original written opinion and shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. The similar health care provider who provides such written opinion shall not, without a showing of malice, be personally liable for any damages to the defendant health care provider by reason of having provided such written opinion. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines, after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal

improperly (1) granted the defendants' motion to dismiss and (2) failed to find that a motion to dismiss was not the proper vehicle to address the defendants' claim.

The following facts and procedural history are relevant to our resolution of the plaintiffs' appeal. In this medical malpractice case, the plaintiffs claimed that the defendants were negligent in failing to diagnose appendicitis on October 18, 2003. On July 1, 2005, the plaintiffs, pursuant to General Statutes § 52-190a (b),[2] petitioned the court for an automatic ninety day extension of the applicable three year statute of limitations.[3] A clerk of the Superior Court granted the extension on the same day. The plaintiffs delivered a complaint and return of service to a marshal on September 30, 2005. A marshal served the defendants on October 28, 2005. The complaint was filed with the clerk of the Superior Court on November 4, 2005. Attached to the complaint was the plaintiffs' petition pursuant to § 52-190a (b) and

discovery, the court upon motion or upon its own initiative shall impose upon the person who signed such certificate or a represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney or the apportionment complainant's attorney submitted the certificate."

[2] General Statutes (Rev. to 2005) § 52-190a (b) provides: "Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

[3] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

a certificate of good faith submitted by the plaintiffs' attorney. The complaint did *not* include an opinion of a similar health care provider attesting to a good faith basis for the action, as required by § 52-190a (a) of all cases filed on or after October 1, 2005.

On November 21, 2005, the defendants filed a motion to dismiss the plaintiffs' complaint due to the plaintiffs' failure to include the opinion of a similar heath care provider with the complaint, as required by § 52-190a. The plaintiffs objected to the motion to dismiss, and oral argument was heard by the court on January 3, 2006. The plaintiffs' attorney informed the court that he had not obtained an opinion of a similar health care provider prior to filing the action in court. At the conclusion of the hearing, the court indicated that it would "hold off ruling on this motion" and encouraged the plaintiffs to figure out a way to get an opinion of a similar health care provider submitted to the court. The plaintiffs, however, did not attempt to file an amended complaint with a health care provider's written opinion or in any other way attempt to supplement their complaint with such an opinion. The court, however, did not issue a ruling on the defendants' motion within 120 days; see Practice Book § 11-19 (a); and, on May 5, 2006, the defendants moved to have the case reassigned to another judge.

The matter subsequently was reassigned, and, after hearing oral argument, the court, *Stengel, J.,* granted the defendants' motion to dismiss the plaintiffs' complaint on August 15, 2006. The court found that the plaintiffs' complaint was dated September 30, 2005, and was filed November 4, 2005.[4] The court reasoned that because the plaintiffs' action was filed after October 1, 2005, the effective date of P.A. 05-275, § 2, the amended

---

[4] The trial court file reflects that the writ of summons and complaint were date stamped November 4, 2005.

statute applied. The court, therefore, dismissed the plaintiffs' action concluding that they had not complied with the requirements of the public act. The plaintiffs thereafter filed this appeal.

I

The plaintiffs first claim that the court improperly granted the defendants' motion to dismiss. We disagree.

We first set forth our standard of review on a challenge to a ruling on a motion to dismiss. "When the facts relevant to an issue are not in dispute, this court's task is limited to a determination of whether, on the basis of those facts, the trial court's conclusions of law are legally and logically correct." (Internal quotation marks omitted.) *Scoville* v. *Shop-Rite Supermarkets, Inc.*, 86 Conn. App. 426, 430, 863 A.2d 211 (2004), cert. denied, 272 Conn. 921, 867 A.2d 838 (2005). Because there is no dispute regarding the basic material facts, this case presents an issue of law and our review is plenary. Id.

The plaintiffs' claim, with respect to § 52-190a, presents an issue of statutory construction. "Statutory construction is a question of law and, therefore, our review is plenary. . . . The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Wilson* v. *Jefferson*, 98 Conn. App. 147, 154, 908 A.2d 13 (2006).

Section 52-190a (a) provides that before filing a personal injury action against a health care provider, a potential plaintiff must make "a reasonable inquiry as

permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . ." In order to show good faith, the complaint, initial pleading or apportionment complaint is required to contain a certificate of the attorney or party filing the action stating that "such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. . . ." General Statutes (Rev. to 2005) § 52-190a (a), as amended by P.A. 05-275, § 2. Prior to the 2005 amendments, the statute provided that good faith may be shown if the plaintiffs or their counsel obtained a written opinion, not subject to discovery, from a similar health care provider that there appeared to be evidence of medical negligence. General Statutes (Rev. to 2005) § 52-190a (a).[5] Prior to the amendment,

---

[5] General Statutes (Rev. to 2005) § 52-190a (a) provides: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For the purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines, after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative shall impose upon the person who signed such certificate or a represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the

the statute did not require plaintiffs to include with the complaint an opinion of a similar health care provider attesting to a good faith basis for an action.

Effective October 1, 2005, the statute was amended to require that in order to show the existence of good faith, claimants or their counsel, prior to filing suit, "shall obtain a written and signed opinion of a similar health care provider . . . that there appears to be evidence of medical negligence and includes a detailed basis for the formation of such opinion. . . ." General Statutes § 52-190a (a). The amended statute also provides that claimants or their counsel "shall attach a copy of such written opinion, with the name and signature of the similar health care provider expunged, to such certificate. . . ." General Statutes § 52-190a (a). Subsection (c), which was added by P.A. 05-275, § 2, provides that "[t]he failure to obtain and file the written opinion required by subsection (a) of this section shall be grounds for the dismissal of the action." P.A. 05-275 was "[e]ffective October 1, 2005, and applicable to actions filed on or after said date . . . ."

In this case, the complaint did not include an opinion of a similar health care provider attesting to a good faith basis for the action, as required by the 2005 amendment to § 52-190a (a). The writ of summons and complaint were delivered to a marshal for service of process on September 30, 2005, and were filed with the clerk of the Superior Court on November 4, 2005. The plaintiffs claim that the 2005 amendment to § 52-190a, as set forth in P.A. 05-275, does not apply to the present case because the action was filed before October 1, 2005, the effective date of the public act. Specifically, the plaintiffs contend that the action was "filed" within the meaning of P.A. 05-275 when the writ of summons and

appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate."

complaint were delivered to a marshal for service of process on September 30, 2005, one day before the effective date of the 2005 amendment to § 52-190a. We disagree.

The word "filed" is not defined expressly in P.A. 05-275. Nevertheless, statutes governing filing in the context of other court activities define the word "filed." These provisions of the General Statutes indicate that the term refers to bringing a complaint or other pleading to the clerk of the court. See General Statutes § 52-121 (a) ("[a]ny pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending"); General Statutes § 51-343 (b) (" '[f]iled' means filed at the court location where there is a clerk designated to receive and maintain the record of the action regardless of the court location to which the writ is made returnable").

The usage of the term "filed" in these statutory provisions to refer to the act of bringing a complaint or other pleading to the clerk of the court comports with the usage of the term in subsection (b) of the statute at issue. General Statutes § 52-190a (b) provides in relevant part: "Upon petition *to the clerk of the court where the action will be filed,* an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. . . . ." (Emphasis added.) "It is a familiar principle of statutory construction that where the same words are used in a statute two or more times they will ordinarily be given the same meaning in each instance." (Internal quotation marks omitted.) *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 266 Conn. 108, 123, 830 A.2d 1121 (2003).

The plaintiffs' argument that "filing," for purposes of the effective date of the statute, refers to the delivery of the writ of summons and complaint to a state marshal for service, therefore, is unavailing. Our review of the text of the statute and its relationship to other statutes reveals that this reading is inappropriate. An action is not filed until the complaint is returned to court.[6]

The plaintiffs argue, citing *Rosenberg* v. *Planning Board*, 155 Conn. 636, 236 A.2d 895 (1967), that delivery of a writ of summons and complaint to a proper serving officer constitutes "filing" of the thing to be filed. *Rosenberg*, however, did not concern a requirement of filing with the clerk of the Superior Court, nor did it deal with delivery of process to a serving officer. Instead, it concerned a claim that a proposed amendment to the master zoning plan had not been delivered timely to the town clerk. The *Rosenberg* court held that the trial court had found actual delivery to the town clerk by the defendant planning board. Id., 643. The court held that "[f]iling is accomplished by an actual delivery to the proper officer of the thing to be filed," referring to a municipal officer, namely, the town clerk. Id. In employing that term, it did not refer to a process server. We, therefore, reject this argument.

Nowhere in their brief do the plaintiffs invoke General Statutes § 52-593a (a), which provides that a cause of action "shall not be lost" by virtue of the passage of a statute of limitations "if the process to be served is personally delivered to a state marshal authorized to serve the process and the process is served, as provided

---

[6] "The practice among state marshals varies as to whether the state marshal will make the return to the court or will return the process to the hiring attorney. The attorney must determine which practice the state marshal will use in order to ensure that the process is delivered to court at least six days before the return date, together with the entry fee." W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Civil Rules (2008) § 8-1, authors' comments, p. 400.

by law, within thirty days of the delivery."[7] This statute, had it been invoked, would not benefit the plaintiffs, in any event. Legal actions in Connecticut are "commenced" by service of process. See, e.g., *Rocco* v. *Garrison*, 268 Conn. 541, 553, 848 A.2d 352 (2004). There is a separate legal requirement for the return of the process so commenced to the clerk of the court after service of it by a marshal or other proper officer. See General Statutes § 52-46a. That statute deals with the filing of the process with the clerk after the action has been commenced.

The plain and unambiguous meaning of the term "filed" refers to the bringing of a complaint or other pleading to the clerk of the court. Accordingly, as correctly determined by the trial court, the plaintiffs filed their action on November 4, 2005, when the writ of summons and complaint were filed with the clerk of the Superior Court. As a result, P.A. 05-275, with its effective date of October 1, 2005, applied to the plaintiffs' complaint. Because the plaintiffs failed to comply with the provision of the public act, requiring that an opinion of a similar health care provider attesting to a good faith basis for the action be included with the complaint, we conclude that the defendants' motion to dismiss properly was granted.

## II

The plaintiffs next claim that the court improperly failed to find that a motion to dismiss was not the proper

[7] Various statutes of limitations require that a particular course of action be commenced within a certain time frame. See, e.g., General Statutes § 52-581 ("[n]o action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues. . . ."); General Statutes § 52-577 ("[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of"); General Statutes § 52-576 ("[n]o action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . .").

vehicle to address the defendants' claim. Specifically, the plaintiffs argue that the defendants' motion to dismiss should have been denied, and the defendants should have been directed to file a motion to strike. We disagree.

This claim presents an issue of statutory construction over which our review is plenary. See *Wilson* v. *Jefferson,* supra, 98 Conn. App. 154.

The plaintiffs, citing *LeConche* v. *Elligers,* 215 Conn. 701, 579 A.2d 1 (1990), and *Gabrielle* v. *Hospital of St. Raphael,* 33 Conn. App. 378, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994), argue that a motion to dismiss is not the proper method of attacking the sufficiency of a good faith certificate in a medical malpractice case because the lack of a good faith certificate is not a jurisdictional defect depriving the court of subject matter jurisdiction over the case.[8] The plaintiffs reliance on *Gabrielle* and *LeConche* is misplaced because these cases interpret a prior version of the relevant statute. See *LeConche* v. *Elligers,* supra, 701 (holding that neither language of § 52-190a [Rev. to 1987] nor legislative history suggest that lack of good faith basis for action was ground for dismissal on jurisdictional grounds, thus absence of statutorily required good faith certificate from complaint renders complaint subject to motion to strike); *Gabrielle* v. *Hospital of St. Raphael,* supra, 378 (failure to attach certificate of good faith pursuant to § 52-190a [Rev. to 1987] subjects case to motion to strike complaint because failure to so attach not jurisdictional defect).

---

[8] In their argument, the plaintiffs seem to presume incorrectly that motions to dismiss are limited to jurisdictional challenges. Both statutory and Practice Book provisions provide for dismissals on the basis of nonjurisdictional grounds. See, e.g., General Statutes § 52-549t (b) (case may be dismissed if all parties fail to appear at hearing); General Statutes § 33-724 (a) (providing that derivative proceedings brought by shareholders against corporation shall be dismissed on motion by corporation under certain enumerated conditions); Practice Book § 13-14 (discovery dismissal).

The 2005 amendment to the statute, however, rendered the line of cases which the plaintiffs cite inapplicable. Unlike the preceding revisions of the statute, the current revision of § 52-190a includes an additional subsection, (c), which was added by P.A. 05-275, and states that "[t]he failure to obtain and file the written opinion as required by subsection (a) of this section shall be grounds for the *dismissal* of the action." (Emphasis added.) General Statutes § 52-190a (c). The plain language of this new statutory subsection, which was not in effect at the time of *LeConche* and *Gabrielle,* expressly provides for dismissal of an action when a plaintiff fails to attach a written opinion of a similar health care provider to the complaint, as required by § 52-190a (a).[9] Accordingly, the court properly considered and granted the defendants' motion to dismiss.

The judgment is affirmed.

In this opinion BISHOP, J., concurred.

BERDON, J., dissenting in part. Although I agree with the majority's conclusion in part I, I disagree with the majority's conclusion in part II that the failure of the attorney for the plaintiffs, Aramis Rios and her mother, Betzabel Flores, to attach a written opinion of a similar health provider to his good faith certificate, as set forth in General Statutes (Rev. to 2005) § 52-190a (a), as

---

[9] There is no need to resort to legislative history where the meaning of a statute is plain and unambiguous. See General Statutes § 1-2z. The legislative purpose was expressed in the statute's plain language. It is worth noting, however, that in speaking on the floor of the Senate, Senator Andrew J. McDonald, the Senate chairman of the judiciary committee, stated that the provision being enacted into law "makes substantial improvements over the current system because it would require that [a] report be in writing and presented in a detailed fashion, and a copy of that report, with the name of the doctor supplying it expunged, would be attached to the complaint as an exhibit. *The failure to attach such an opinion would require the court to dismiss the case."* (Emphasis added.) 48 S. Proc., Pt. 14, 2005 Sess., p. 4411.

amended by Public Acts 2005, No. 05-275, § 2 (P.A. 05-275), renders the complaint subject to a motion to dismiss instead of a motion to strike. A motion to strike would allow a plaintiff, as a matter of right, to file a new complaint with an appropriate certificate within fifteen days, whereas the granting of a motion to dismiss puts the plaintiff out of court. In the latter situation, if the statute of limitations applicable to a medical malpractice action had expired, it may very well be that a plaintiff would be without a remedy merely because counsel, through inadvertence or neglect, failed to attach a document to his good faith certificate.

First, let me set the record straight. In reaching its conclusion, the majority *erroneously* relies on the claim that "[t]he plaintiffs' attorney informed the [trial] court that he had not obtained an opinion of a similar health care provider prior to filing the action in court." What actually transpired was the following:

"The Court: Why didn't you file the certificate with the thing [that is, the attorney's certification]?

"[The Plaintiffs' Counsel]: Well, I didn't have a *written letter* at the time that brought this from the doctor." (Emphasis added.)

This colloquy reveals that the plaintiffs' counsel never admitted, as claimed by the majority, that he failed to obtain an opinion from a similar health care provider.[1] Rather, counsel informed the court that he had not obtained the opinion in written form at the time that he brought the complaint. Accordingly, if a motion to strike was granted, this would have allowed the plaintiffs to plead over, and the plaintiffs' attorney could have attached the written opinion of the similar health care provider to his good faith certificate.

[1] In fact, it is implicit from this colloquy that the attorney for the plaintiffs did have in hand the "written and signed opinion of the health care provider" when the parties initially were heard on the motion to dismiss.

I begin my analysis, as our Supreme Court did in *LeConche* v. *Elligers*, 215 Conn. 701, 579 A.2d 1 (1990), by recognizing "the premise that traditionally the Superior Court has had subject matter jurisdiction of a common law medical malpractice action." Id., 709. The issue presented in the present case, therefore, is whether, in enacting the most recent amendment to § 52-190a, the legislature intended to subject a plaintiff's action to dismissal where his attorney has failed to attach the written opinion of a similar health care provider to his good faith certificate. It is well established that this "determination must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction." Id., 709–10.

Prior to the passage of P.A. 05-275, § 2, which amended § 52-190a, our Supreme Court considered the issue of whether a medical malpractice plaintiff's failure to file an attorney's good faith certificate as required by the 1987 revision of § 52-190a constituted a jurisdictional defect that rendered the complaint subject to a motion to dismiss. Id., 701. Although our Supreme Court acknowledged that the statute established a mandatory pleading requirement, the court determined that such a defect did not render the complaint subject to a motion to dismiss. Rather, characterizing the inclusion of a good faith certificate as "a pleading necessity akin to an essential allegation to support a cause of action"; id., 711; the Supreme Court concluded that a medical malpractice plaintiff's failure to file a good faith certificate rendered the complaint subject to a motion to strike for failure to state a claim upon which relief can be granted, a curable defect. Id.; see also Practice Book §§ 10-39 and 10-44 (party whose pleading has been stricken may file new pleading within fifteen days).

Although I recognize that *LeConche* v. *Elligers*, supra, 215 Conn. 701, addressed the inclusion of an attorney's good faith certificate, the legislature's amendment of

§ 52-190a did not overrule existing case law. Accordingly, if the plaintiffs had failed to attach a good faith certificate to the complaint, a pleading requirement set forth in § 52-190a (a), their complaint would have been subject to a motion to strike.[2] See id., 711. In the present case, however, the plaintiffs failed to attach to that certificate a written opinion of a similar health care provider, and, under the majority's conclusion today, this defect rendered the complaint subject to a motion to dismiss. In other words, if there was a complete failure of the attorney to file his good faith certificate, including the written opinion of a similar health care provider, the complaint would only be subject to attack by a motion to strike allowing the plaintiffs to file a new complaint within fifteen days in accordance with Practice Book § 10-44, but, according to the majority, when an attorney's good faith certificate is filed that does not include the written opinion of a similar health care provider, the complaint is subject to dismissal. Surely, the legislature could not have intended such an anomalous result. See *Broadnax* v. *New Haven*, 284 Conn. 237, 249, 932 A.2d 1063 (2007) (recognizing overriding principle that statutes should be construed "so as to create a rational, coherent and consistent body of law" [internal quotation marks omitted]). "[W]e must seek a meaning which avoids a result which the legislature could not have intended even at the expense of departing from the literal meaning of the words used." (Internal quotation marks omitted.) *City Savings Bank* v. *Lawler*, 163 Conn. 149, 157, 302 A.2d 252 (1972).

Moreover, in utilizing the word "dismissal" in subsection (c) of the current revision of § 52-190a, I cannot agree that the legislature intended to implement tort reform measures that would function in a manner such that a procedural technicality based on a defect in the

---

[2] A review of the record reveals that the plaintiffs did attach a good faith certificate to their complaint.

pleadings, rather than applicable substantive law, would govern the outcome of a case. Such an interpretation of the statute is reminiscent of eighteenth century common-law pleading, a system plagued by archaic legalism and highly technical formality that Connecticut abandoned long ago. The general purpose of § 52-190a was to discourage the filing of baseless lawsuits against health care providers. See *LeConche* v. *Elligers*, supra, 215 Conn. 710. When a plaintiff has failed to include the written opinion of a similar health care provider, this policy is just as well served by interpreting § 52-190a to permit a medical malpractice defendant to file a motion to strike.

A "case should not be decided solely on the basis of the literal meaning of a word. As Justice Reed of the United States Supreme Court has said: When that meaning has led to absurd or futile results, . . . this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one plainly at variance with the policy of the legislation as a whole this Court has followed that purpose, rather than the literal words." (Internal quotation marks omitted.) *Simonette* v. *Great American Ins. Co.*, 165 Conn. 466, 474, 338 A.2d 453 (1973) (*Bogdanski, J.*, dissenting), quoting *United States* v. *American Trucking Assns., Inc.*, 310 U.S. 534, 543, 60 S. Ct. 1059, 84 L. Ed. 1345 (1940).

Accordingly, I would interpret § 52-190a in light of the existing case law and conclude that the plaintiffs' failure to attach a written opinion of a similar health care provider to the attorney's good faith certificate renders the complaint subject to a motion to strike. To rule otherwise effectively creates a procedural trap for unwary litigants that would not only disregard the plasticity of modern pleading practice but also would frustrate the fundamental policy preference in this state

that seeks to "bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court." (Internal quotation marks omitted.) *Vollemans* v. *Wallingford*, 103 Conn. App. 188, 198, 928 A.2d 586, cert. granted on other grounds, 284 Conn. 920, 933 A.2d 722 (2007).

For the reasons given, I dissent.