### THOMAS C. CRISTOFARO *v.* TOWN OF BURLINGTON ET AL.
### (13866)

SHEA, CALLAHAN, GLASS, COVELLO, BORDEN, Js.

Argued November 1, 1990—decision released January 8, 1991

*Edward F. Scully,* with whom, on the brief, was *Robert J. Reeve,* for the appellant-appellee (plaintiff).

*Charles W. Bauer,* for the appellee-appellant (defendant Burlington planning and zoning commission).

COVELLO, J. This declaratory judgment action challenges the validity of a Burlington planning commission regulation that allegedly limited a land use designation specifically authorized by the Burlington zoning commission. The principal issue presented is whether a planning commission can adopt a planning regulation that establishes a minimum lot size greater than that established by a zoning commission. We conclude that, in this case, such a regulation is impermissible and we reverse the judgment of the Superior

Court. Examination of the record discloses that the plaintiff is the owner of a 2.2 acre parcel of land in the town of Burlington. The plaintiff's land is located in a "Residential-A" or "R-30" zone. An R-30 zone permits residential uses with a minimum lot size of 30,000 square feet.

On July 26, 1983, the plaintiff applied to the defendant Burlington planning and zoning commission (commission) for approval of a three lot subdivision on the 2.2 acre parcel. Each of the proposed lots contained a minimum of 30,000 square feet. The commission denied the application concluding that the proposed subdivision conflicted with § 4-08B[1] of the town planning regulations, which requires a minimum lot size of one acre (or 43,560 square feet) for any subdivision lot not serviced by town water and sewers. The plaintiff appealed to the Superior Court, arguing that the commission had exceeded its statutory authority in enacting a regulation that conflicted with an existing zoning ordinance. The Superior Court, *Maloney, J.,* dismissed the appeal, concluding that the planning regulation was a valid exercise of the authority of the commission and that it did not conflict with the zoning designation.

The plaintiff appealed to the Appellate Court, which affirmed the Superior Court's dismissal on procedural grounds, concluding that the plaintiff should have brought a declaratory judgment action, rather than a zoning appeal, to test the validity of the zoning regulation. *Cristofaro* v. *Planning & Zoning Commission,* 11 Conn. App. 260, 264, 527 A.2d 255, cert. denied, 204 Conn. 810, 528 A.2d 1156 (1987).

---

[1] Section 4-08B provides: "Regardless of the minimum area requirement of any Zoning District, in any application for Subdivision where both public water supply and public sewage systems are not available, the minimum Net Lot Area requirement, after all Natural Resource Characteristic reductions have been applied, shall not be less than one full acre."

The plaintiff then sought, by way of a declaratory judgment, a ruling that subdivision regulation § 4-08B is invalid because it conflicts with the R-30 zoning designation. The Superior Court, *Aronson, J.,* found that the planning commission had the authority to enact the regulation under General Statutes § 8-25 and rendered judgment for the defendants. The plaintiff again appealed to the Appellate Court. We then transferred the matter to this court pursuant to Practice Book § 4023.

I

We have previously noted that the functions of zoning authorities and planning commissions are "separate yet related," even if the two have the same members. *Purtill* v. *Town Plan & Zoning Commission,* 146 Conn. 570, 572, 153 A.2d 441 (1959); see also *Vose* v. *Planning & Zoning Commission,* 171 Conn. 480, 483, 370 A.2d 1026 (1976). "As a planning commission its duty is to prepare and adopt a plan of development for the town . . . . Such a plan is controlling only as to municipal improvements and the regulation of subdivisions of land . . . . Zoning, on the other hand, is concerned with the use of property . . . ." *Purtill* v. *Town Plan & Zoning Commission,* supra. In order to regulate land use, General Statutes § 8-2 specifically states that "[t]he zoning [authority] . . . is authorized to regulate . . . the density of population and the . . . use of buildings, structures and land . . . ." The adoption of these regulations, we have noted, is "a legislative process." *Weigel* v. *Planning & Zoning Commission,* 160 Conn. 239, 245, 278 A.2d 766 (1971). General Statutes § 8-23, however, grants to planning commissions the responsibility to "prepare, adopt and amend a plan of development for the municipality." Thus, the legislature has determined that a zoning authority is properly concerned with the use of land, whereas the duties of a planning commission are

directed primarily toward municipal development. *Forest Construction Co.* v. *Planning & Zoning Commission,* 155 Conn. 669, 677, 236 A.2d 917 (1967).[2]

In this case, the planning commission has enacted a regulation that does not simply affect municipal planning, but that purports to establish a minimum lot size at variance with that designated by the zoning authority. Inasmuch as lot size and density regulations are primarily the concerns of the zoning authority, we conclude that, in this instance, the planning regulation constitutes an impermissible encroachment into the legislative function of the zoning authority.

By imposing a more stringent requirement for lot size than is established under the R-30 zoning ordinance, the planning commission is, in effect, using its authority pursuant to General Statutes § 8-25 to supercede a zoning regulation enacted under General Statutes § 8-2. The enabling statute for the planning commission, however, does not permit what amounts to de facto amendment of zoning ordinances.[3] A planning commission "has no power to make, amend or repeal existing zoning regulations or zone boundaries." *Rosenberg* v. *Planning Board,* 155 Conn. 636, 639, 236 A.2d 895 (1967). In this case, by enacting a regulation that effectively amends or alters an existing zoning regulation, the planning commission has exceeded its statutory mandate.

---

[2] We have previously noted that the two commissions have separate responsibilities and that the decisions of the planning commission do not necessarily control the zoning authority. For example, we have stated that a master plan, enacted by a planning commission, "is merely advisory in its effects" upon a zoning authority. *Faubel* v. *Zoning Commission,* 154 Conn. 202, 207, 224 A.2d 538 (1966).

[3] We have repeatedly held that "[t]here must be statutory authority for action taken by a planning commission in the exercise of its planning power, for the 'whole field of subdivision regulation is peculiarly a creature of legislation.' " *Nicoli* v. *Planning & Zoning Commission,* 171 Conn. 89, 91, 368 A.2d 24 (1976); *Avonside, Inc.* v. *Zoning & Planning Commission,* 153 Conn. 232, 236, 215 A.2d 409 (1965).

The planning commission claims, however, that planning commission regulation § 4-08B does not encroach on the authority of the zoning commission because the regulation does not, in all events, conflict with the R-30 zoning designation. The planning commission argues that the zoning regulation only sets a floor or minimum lot size of 30,000 square feet, and that the planning commission may enact more stringent standards as it sees fit. Furthermore, the 30,000 square foot limit applies to all lots within an R-30 zone whereas the one acre requirement of § 4-08B applies only to those lots that lack town water and sewer services. The planning commission therefore argues that the two regulations do not directly conflict. We disagree.

The parties agree that only a minimal part of the town of Burlington has town supplied water and sewer services. Therefore, in most of Burlington, even though an applicant may have a lot larger than 30,000 square feet, he cannot obtain permission to build unless he meets the additional requirement that the lot be one acre. Thus, as a practical matter, the planning commission's enactment of § 4-08B has repealed the R-30 zoning designation and the two regulations directly conflict. We, therefore, agree with the plaintiff that the planning commission has exceeded its authority in enacting § 4-08B.

II

The planning commission further argues that the plaintiff is barred from challenging the validity of planning regulation § 4-08B by reason of the doctrine of res judicata. " 'The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made.' " *Statewide Grievance Committee* v. *Presnick,* 216 Conn. 135, 138–39, 577 A.2d

1058 (1990). The planning commission points out that, in a previous action, the plaintiff challenged the validity of the planning regulation in an administrative appeal from a decision of the planning commission. The Superior Court, *Maloney, J.,* addressed the merits of the complaint, considered this issue, and dismissed the appeal. The Appellate Court, however, "decline[d] to address [the merits of] the plaintiff's claim"; *Cristofaro* v. *Planning & Zoning Commission,* supra, 264; concluding that such a challenge is "properly the subject for independent declaratory proceedings." Id., 263–64. In so doing, the Appellate Court implicitly found that the Superior Court "lacked jurisdiction to render judgment . . . ." Id., 263.

"A final judgment *on the merits* is conclusive on the parties [involved] in an action." (Emphasis added.) *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 317, 307 A.2d 155 (1972), cert. denied, 409 U.S. 1116, 93 S. Ct. 903, 34 L. Ed. 2d 699 (1973). Because the Appellate Court expressly declined to consider the merits of the plaintiff's claim and affirmed the decision of the Superior Court on other grounds, the prior proceedings are not res judicata in this instance. *Moran Towing & Transportation Co.* v. *Navigazione Libera Triestina, S.A.,* 92 F.2d 37, 40 (2d Cir. 1937); see also *Hughes* v. *Bemer,* 206 Conn. 491, 494–95, 538 A.2d 703 (1988).

### III

Finally, the planning commission argues that the plaintiff has failed to meet the requirements for a declaratory judgment as set out in Practice Book § 390. Section 390 states: "The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have

reasonable notice thereof." The plaintiff published notice in two newspapers directed to the residents of the town of Burlington. The planning commission argues that this notice is insufficient because the issue of whether a planning commission can enact a regulation requiring a minimum lot size greater than a corresponding zoning regulation is an issue of statewide concern. Therefore the commission argues that notice to the inhabitants of Burlington alone will not meet the requirements of § 390 and the plaintiff therefore has not established a right to a declaratory judgment.

The commission's argument, however, proves too much. Taken to its logical conclusion, any attempt to test the validity of any local zoning or planning regulation anywhere in the state would require statewide notice. We do not believe that the Practice Book requires this and we are satisfied that, under the circumstances of this case, notice to the inhabitants of the town in question is sufficient.

With respect to the issues raised on the appeal, the judgment is reversed and the case is remanded with direction to render judgment for the plaintiff in accordance with this opinion; the judgment is affirmed with respect to the issues raised on the cross appeal.

In this opinion the other justices concurred.