[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant, Newtown Planning and Zoning Commission (hereafter "Commission"), denying the application of the plaintiff, Thomas Goosman, to change the zone of his property from R-1 (residential) to B-2 (business).
The facts of this case are intimately related to an earlier appeal involving the same parties. Therefore, a synopsis of the facts of that appeal is necessary. On January 19, 1989 , the Commission unanimously granted a change of zone from residential to business of the subject property, 292-300 South Main Street, in Newtown, Connecticut. (Return of Record ("ROR") #5, Minutes of Regular Meeting, dated January 19, 1989.) The Commission subsequently learned that a surveyor's map submitted by the plaintiff at the public hearing was in error, and that the subject parcel did not abut an existing business zone on the north as it had earlier believed. (ROR #7, Map of Preliminary Subdivision Plan for D'Addario Industries, dated February 8, 1989.) On its own application, the Commission then voted to change the zoning classification of the subject property back to residential, evidently because it considered the location of the existing business zone material to its considerations. (ROR #6, Minutes of Regular Meeting, dated June 15, 1989.) The plaintiff appealed that zone change to the Superior Court. (For a more detailed description of the events involved in the first appeal, see Goosman v. Newtown Planning and zoning Commission, Docket No. CV89-29 88 88.)
As that appeal was pending, the intervening parcel that had mistakenly been identified as a business zone in the plaintiff's map was sold to Salvadore, Mary, and Gary Buzzanca. (ROR #3, Minutes of Regular Meeting, dated January 4, 1990.) The Buzzancas subsequently applied for a change of zone for that parcel from residential to business, and a hearing was held for that application on January 4, 1990. (ROR #3.) On February 15, 1990, the Commission voted to grant the zone change to business for that intervening parcel. (ROR #8, Minutes of Regular Meeting, dated February 15, 1990.)
Since the zone classification of the intervening parcel had been changed, counsel for the Commission wrote a letter to the plaintiff's attorney on February 23, 1990 stating that "the Commisesion [sic] wants to act on the Goosman property rather than deal with the pending litigation." (ROR #9, Letter from Walter A. Flynn, Jr. to Robert H. Hall, dated February 23, 1990.) The letter asked the plaintiff's attorney to "immediately file an application for a zone change" from residential to business for the CT Page 209 subject property. (ROR #9.) Accordingly, the plaintiff, via his attorney, filed an application for a change of zone to B-2 (business) on March 2, 1990. (ROR #11, Letter from Robert H. Hall to Commission, dated March 2, 1990.)
A duly noticed public hearing was commenced on April 19, 1990, at which the plaintiff's application was heard. (ROR #13, Legal Notice, Commission to Newtown Bee, dated April 2, 1990; ROR #14, Certificate of Publication, dated April 6, 1990; ROR #15, Certificate of Publication, dated April 13, 1990.) At the hearing, the plaintiff presented photographs of the area surrounding the subject property showing the many businesses located nearby. (ROR #23, Photographs 1-4.) The plaintiff's main argument in favor of the zone change was that the error that had caused the Commission to return the subject property to a residential zone was "corrected" when the intervening parcel to the north was made a business zone. (ROR #16.)
On May 3, 1990, the Commission voted to deny the plaintiff's application for a zone change. (ROR #18, Minutes of Regular Meeting, dated May 3, 1990.) Notice of this action was published on May 11, 1990. (ROR #21, Legal Notice, Commission to Newtown Bee, dated May 7, 1990; ROR #22, Certificate of Publication, dated May 11, 1990.) The Commission stated that it was denying the plaintiff's application due to "the pendency of the revision of the Plan of Development for the entire Town." (ROR #19, Letter from Commission to Thomas Goosman, dated May 7, 1990.)
Pursuant to General Statutes, Sec. 8-8, the plaintiff served the instant appeal upon the town clerk of the Town of Newtown and the clerk of the Commission on May 22, 1990. In the complaint, the plaintiff alleges that the Commission acted illegally, arbitrarily, and in abuse of its discretion in that its stated reason for denial of the application is irrelevant to proper zoning considerations. He also argues that the Commission was required to restore the subject property to a business zone after it changed the zone of the intervening parcel to business under the rule of changed circumstances. The Commission filed its return of record with the court on October 5, 1990.
The hearing before this court took place on September 27, 1991 and October 8, 1991. This appeal was heard in conjunction with the plaintiff's first appeal. Goosman v. Newtown Planning and Zoning Commission, Docket No. CV89-29 88 88.
At the hearing, the court (Riefberg, J.) found that CT Page 210 the plaintiff was aggrieved. See Bossert Corporation v. Norwalk, 157 Conn. 279, 285, 253 A.2d 39 (1968).
"[A] local zoning authority, in enacting or amending its regulations, acts in a legislative rather than an administrative capacity." (Emphasis in original.) Parks v. Planning Zoning Commission, 178 Conn. 657, 660,425 A.2d 100 (1979). "`The trial court may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers . . . . Thus, the court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion. [Citation omitted].'" Frito Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73, 538 A.2d 1039 (1988). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. " Primerica v. Planning Zoning Commission, 211 Conn. 85,96, 558 A.2d 646 (1989). "`The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs. [Citations omitted].'" Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799 (1988).
The plaintiff's first claim is that the reason given by the Commission for denying the application is irrelevant to proper zoning consideration and, as a result, the action taken is illegal, arbitrary, and an abuse of discretion. The Commission gave as its reason the pending revision of the town's plan of development, "properly called a `master plan' to distinguish it from the comprehensive plan zoning authorities are required to follow. . . ." First Hartford Realty Corporation v. Plan Zoning Commission, 165 Conn. 533,542, 338 A.2d 490 (1973). "We have long recognized that any change `must be in harmony with and in conformity to a comprehensive plan as mandated by General Statutes, Sec.8-2."' Parks v. Planning Zoning Commission, supra, 661. The master plan, on the other hand, is "merely advisory so far as zoning is concerned." First Hartford Realty Corporation v. Plan Zoning Commission, supra, 542. The Connecticut Supreme Court has stated that "the master plan does not control the zoning commission in its enactment of zoning regulations." Dooley v. Town Plan Zoning Commission, 154 Conn. 470, 473, 226 A.2d 509 (1967).
It is clearly stated in the Newtown Planning and Zoning Regulations that "[t]hese Regulations and the Zoning Map constitute the Comprehensive Plan for Zoning in the Town of Newtown." (ROR #25, Newtown Planning and Zoning Regulations.) At the public hearing, the plaintiff presented numerous items of evidence to demonstrate that a business CT Page 211 zone would reflect the appropriate use for the subject parcel, including photographs of the many businesses already in existence in the area, and evidence of the traffic density on South Main Street. (ROR #16; ROR #23; ROR #24, Tax Assessor's Card, 292-300 South Main Street, Newtown.) No one spoke out against the proposed zone change at the hearing, nor was any evidence presented or even discussed which would indicate that a business use would not be appropriate for the subject property. (ROR #16.) In relying on the plan of development for the disposition of the plaintiff's application, the Commission disregarded the proper zoning considerations which control its actions. "[I]n making its decision regarding a zone change, a zoning agency must consider the general public welfare inherent in the comprehensive zoning development plan. . . ." Fenn v. Planning Zoning Commission, 24 Conn. App. 430, 436,589 A.2d 3 (1991). As far as the plan of development is concerned, "[s]uch a plan is controlling only as to municipal improvements and the regulation of subdivisions of land. . . ." Cristofaro v. Burlington, 217 Conn. 103, 106,584 A.2d 1168 (1991). Thus, in predicating its decision on the plan of development rather than on the comprehensive plan, the Commission acted illegally, arbitrarily, and in abuse of its discretion. It should also be noted that the record contains no indication that the Town of Newtown has a plan of development or that one is or will be under revision.
The reason stated by the Commission for its denial of the plaintiff's application is not sufficient to support the action taken under General Statutes, Sec. 8-2 and the case law relevant thereto. In addition, the reason given is not reasonably supported by the record. Therefore, the action taken is illegal, arbitrary, and an abuse of the Commission's discretion. Accordingly, this appeal is sustained.
MORTON I. RIEFBERG, JUDGE