[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, John Samperi, Carol Samperi, William Johnson, Hazel Johnson and Edward J. Nycek, Jr., appeal pursuant to General Statutes 8-8(b) and ch. 5, 116-2 of the West Haven Zoning Resolution a decision by the defendant, West Haven Planning and Zoning Commission ("Commission") granting approval of a proposed subdivision application under General Statutes 8-26. Also named as defendants are Minor Farm Limited Partnership ("Minor Farm") and the Town Clerk of the Town of West Haven.
The facts forming the basis of the appeal are as follows. On or about February 11, 1991, Minor Farm filed an application with the Commission for approval to construct a sixty-one lot residential subdivision on land owned by the United Illuminating Company. (Return of Record [ROR], Item A). The land is zoned "R-3," or land zoned for residential construction. (Supplemental Return of Record [Supp. ROR], p. 54). Minor Farms did not include a request with the application for variances or a waiver of the subdivision requirements regarding any of the lots in the proposed subdivision. (ROR, Item A, pp. 5-6). On June 11, 1991, and July 9, 1991, the Commission held public hearings on the application. (Supp. ROR, pp. 1-65). By notice of decision dated August 14, 1991, (ROR, Item AA), the Commission approved the application, with certain conditions. (Supp. ROR, pp. 67-70).
The plaintiffs challenge the decision on the grounds that the Commission's decision violated Article XI, ch. 4, 114-3 of the West Haven Zoning Resolution providing that the lot size of any subdivision snail be not less than 100 feet along the front and shall contain at least 12,000 square feet and that the Commission's decision violated Article XI, ch. 4, 115-1 of the West Haven Zoning Resolution providing that the Planning and Zoning Commission may waive any requirement under the subdivision regulations only under certain circumstances. (Complaint, para. 8).
A. Aggrievement CT Page 862
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning and Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing." DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373,573 A.2d 1222 (1991). An "aggrieved person" includes any person owning land that abuts or is within a radius of 100 feet of any portion of the land involved in the decision of the agency. General Statutes 8-8(a)(1). "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of a zoning [commission] are considered automatically aggrieved and have standing to appeal a decision of a zoning [commission] without having to prove aggrievement." Smith v. Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987).
At the hearing before this court, testimony established that the plaintiffs, John Samperi, Carol Samperi, William Johnson, Hazel Johnson and Edward J. Nycek, Jr., are all landowners abutting the property upon which the Commission granted approval of Minor Farm's subdivision application, and this court finds that the plaintiffs are aggrieved by the Commission's decision.
B. Timeliness
"Any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." General Statutes 8-8(b). "The appeal shall be commenced by service of process . . . within fifteen days from the date that notice of the decision was published as required the general statutes." Id. The plaintiffs' appeal is timely to General Statutes 8-8(b).
"Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." (Citations omitted.) Primerica v. Planning Zoning Commission,211 Conn. 85, 96, 558 A.2d 646 (1989). The trial court can sustain a plaintiff's appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal. Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339
(1988). "The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts." Pascale v. Board of Zoning Appeals, 150 Conn. 113, 117, 186 A.2d 377 (1962). "The burden of proof is on the plaintiff to demonstrate that the [commission] acted improperly." Spero v. Zoning Board of Appeals, 217 Conn. 435, CT Page 863 440, 586 A.2d 590 (1991).
In the context of review of subdivision applications, "[p]roceedings before planning and zoning commissions are classified as administrative." Red Hill Coalition, Inc. v. Town Planning Zoning Commission, 212 Conn. 727, 733, 563 A.2d 1347
(1989). When considering a subdivision plan, the commission's action is controlled by the regulations adopted for its guidance. (Citation omitted.) Timber Trails Corporation v. Planning Zoning Commission, 222 Conn. 380, 387, 610 A.2d 620 (1992). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance." Reed v. Planning and Zoning Commission, 208 Conn. 431, 433, 544 A.2d 1213 (1988). "Conversely, if the subdivision plan does not conform to the regulations the plan must be disapproved." Westport v. Norwalk,167 Conn. 151, 158, 355 A.2d 24 (1974). "The commission may not put an interpretative gloss on regulations that are clear and unambiguous." Baron v. Planning Zoning Commission, 22 Conn. App. 255,256, 576 A.2d 589 (1990). "[The commission] can only apply its regulations to the proposals which appear before it." Gagnon v. Municipal Planning Commission, 10 Conn. App. 54, 57,521 A.2d 589 (1987). "[Zoning] regulations must be construed as a whole and in such a manner as to reconcile all their provisions as far as possible." Connecticut Sand Stone Corporation v. Zoning Board of Appeals, 150 Conn. 439, 441 190 A.2d 594 (1963).
The plaintiffs claim that the proposed subdivision violates the minimum requirements under the subdivision regulations, and thus the Commission had no authority to approve a nonconforming subdivision plan without an appropriate waiver of the requirements. The defendants contend that the zoning regulations under Article I, ch. 3, 23-3.3 for the "R-3" district, within which the subject property is located, control and that the commission properly approved the subdivision application.
The subdivision regulations under Article XI, ch. 4, 114-3 of the West Haven Zoning Resolution provide in pertinent part: "[a]ll lots shall be not less than 100 feet along the front and shall contain at least 12,000 square feet." Article I, ch. 3, 23-3.3 of the West Haven Zoning Resolution provides that minimum street frontage for "R-3" districts be fifty feet and minimum square footage be 6,000 square feet per lot.
The plaintiffs rely on Krawski v. Planning and Zoning CT Page 864 Commission, 21 Conn. App. 667, 671, 575 A.2d 1036 (1990); in support of their argument that General Statutes 8-26 bars subdivision plans that conflict with applicable regulations. The plaintiffs argue further that under General Statutes 8-26, the Commission had no authority to approve Minor Farm's subdivision application without an appropriate waiver. The defendants rely on Christofaro v. Town of Burlington, 217 Conn. 103, 584 A.2d 1168
(1991); to support their position that when subdivision regulations conflict with zoning regulations, the zoning regulations control. The defendants additionally argue that the subdivision regulations are merely advisory, and therefore, the zoning regulations control.
In Christofaro, supra, the planning commission enacted a subdivision regulation that established minimum lot size at variance with that designated by the zoning authority. The court held that "by enacting a regulation that effectively amends or alters an existing zoning regulation, the planning commission ha[d] exceeded its statutory mandate." Id., 107.
Christofaro, supra, is distinguishable from the present case. In Christofaro, the plaintiffs brought suit to test the validity of the regulation which was adopted pursuant to the commission's legislative process. In the present case, the plaintiffs appeal the decision granting approval of Minor Farm's subdivision application which was rendered pursuant to the commission's administrative capacity. Id., 106.
Furthermore, in Christofaro, supra, there were two separate sets of regulations that were directly in conflict with one another. In Smith v. Zoning Board of Appeals, 227 Conn. 71, ___ A.2d ___ (1993); the court interpreted Christofaro and stated that "the planning and zoning commission enacted a regulation that directly intruded on a subject that was exclusively a zoning matter." Id., 98. In the context of the subdivision of land, a, subdivision regulation may not conflict with applicable zoning regulations. Smith, supra; see also General Statutes 8-26. However, "[o]nly if the commission enacts subdivision regulations that exclusively concern zoning power, or if the subdivision regulations directly conflict with a zoning power, will the subdivision regulation be invalid." Smith, supra.
In the present case, two conflicting regulatory provisions are both contained in one comprehensive planning and zoning resolution adopted by one combined planning and zoning commission. Additionally, the resolution includes general provisions in Article CT Page 865 I which contain a separate section entitled "Interpretation of Provisions." Article I, ch. 2, 12.5 provides:
 Whenever any provision of this resolution and any other provisions of law, whether set forth in this resolution or in any other law, ordinance, or resolution of any kind, impose overlapping of contradictory regulations over the use of the land, or over the use of bulk of buildings or other structures, or contain any restrictions covering any of the same subject matter, that provision which is more restrictive or imposes higher standards or requirements shall govern.
(Emphasis added.) The purpose of this section is to address overlapping or contradictory regulations and to provide a method by which a conflict between restrictions within the comprehensive resolution should be resolved.
"General Statutes 8-26 bars subdivision plans that conflict with applicable regulations." (Emphasis added.) Krawski, supra, 671. In the present case, there is no direct conflict between subdivision regulations and the zoning regulations, nor do the subdivision regulations "encroach upon an area that is uniquely a zoning power[.]" See Smith, supra. Pursuant to Article I, ch. 2,12-5 of the West Haven Zoning Resolution, the subdivision regulations under Article XI, ch. 4, 114-3 apply to Minor Farm's subdivision application.
The defendants claim that the subdivision regulations are regulations of the planning commission and are merely advisory. The defendants claim further that where the application meets with the applicable zoning regulations, the Commission must approve it. The defendants cite Faubel v. Zoning Commission, 154 Conn. 202,227 A.2d 538 (1966); to support their position. This court determines that Faubel does not hold that regulations of a planning commission are merely advisory, and thus the defendants' reliance on that case is improper.
In the present case, the West Haven Zoning Resolution is a comprehensive plan of development and, as such, it is regulative and not merely advisory. See Levinsky v. Zoning Commission,144 Conn. 117, 123, 127 A.2d 822 (1956) (finding a master plan of development advisory but a comprehensive plan regulative and controlling). CT Page 866
The plaintiffs claim that the Commission had no authority to approve a nonconforming subdivision plan without a waiver of the subdivision requirements. The Commission argues that traditionally the Commission has viewed the applicant's written application as a request for a waiver.
"The provision requiring a written application for waiver is a local regulation and is subject to the interpretation of the commission itself." Shailer v. Planning Zoning Commission,26 Conn. App. 17, 26, 596 A.2d 1336 (1992). "Upon review, the trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts." (Citations omitted.) Id.
The Commission's argument that an applicant's written application may be viewed as a request for a waiver violates both the directive of General Statutes 8-26 and the express language of the waiver provision in the West Haven Zoning Resolution.
General Statutes 8-26 is the enabling statute which grants municipal planning and zoning commissions the authority to approve a waiver of their regulations in appropriate circumstances. Shailer v. Planning Zoning Commission, supra, 23. That section provides that: "[applicable zoning] regulations may contain provisions whereby the commission may waive certain requirements under the regulations by a three-quarters vote of all the members of the commission . . . provided that the regulations shall specify the conditions under which a waiver may be considered. . . ." General Statutes 8-26.
Article XI, ch. 5, 115-1 of the West Haven Zoning Resolution authorizes the Commission to waive any requirement contained in the resolution. That section sets forth the circumstances under which a waiver maybe granted: "[t]o secure such variance, the applicant shall make written request to the Commission explaining fully the reasons therefore and submit same with the preliminary plan. Action by the Commission on such request will be taken as a part of the general action on the preliminary plan." West Haven Zoning Resolution, Article XI, ch. 5, 115-1.
Thus, under General Statutes 8-26 and Article XI, ch. 5, 115-1 of the West Haven Zoning Resolution and General Statutes8-26, a preliminary application which does not conform to the applicable regulations may contain a request for waiver, and upon review of the application, the Commission determines whether the CT Page 867 applicable requirements will be waived.
There is evidence in the record which reveals that the application submitted by Minor Farm's did not conform to the subdivision regulations. Minor Farm's application lists each lot and its respective area and frontage dimensions. (ROR, Item A, pp. 5-6). The application shows that 46 of the 61 lots measure less than the 100 foot minimum lot size as required under Article XI, ch., 4, 113-3 and that 54 of the 61 lots contain less than the 12,000 square footage as required under that section. The record is devoid of any evidence requesting waivers of the subdivision requirements by Minor Farm. In fact, the record discloses that in its application, Minor Farm disclaimed the need for a variance regarding any lot in the proposed subdivision; (ROR, Item A, pp. 5-6). The record also includes testimony by the attorney for Minor Farm at the hearing: "we are not here requesting a change of zone; we are requesting that we be able to build in accordance with the regulations what is already allowed under the current zoning regulations." (Supp. ROR, p. 54).
The Commission had no authority pursuant to General Statutes8-26 to approve Minor Farm's subdivision application, which did not conform to the subdivision requirements, without a waiver of those requirements. The Minor Farm failed to present a written request for a waiver of the subdivision requirements in compliance with the zoning regulations. Accordingly, the record does not reasonably support the Commission's decision to approve Minor Farm's subdivision application.
The plaintiffs raise several additional grounds in their appeal which are not briefed. (Complaint, para. 8). "Issues not briefed are considered abandoned." State v. Ramsundar, 204 Conn. 4,16, 526 A.2d 1311 (1987). Since the plaintiffs did not brief these other issues, the court does not consider them.
The plaintiffs' appeal is sustained.
Coppeto, J.