[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Radha R. M. Narumanchi and Radha B. D. Narumanchi (the Narumanchis), own a home situated within a flood zone. Pursuant to the requirements set by their mortgagor, the Narumanchis obtained flood insurance. From 1976 to 1988, the Narumanchis obtained this flood insurance from the Federal Emergency Management Agency (FEMA) under the National Flood Insurance Program (NFIP). At the time that the policy was renewed in 1989, however, the Narumanchis' agent obtained their insurance from the defendant Nationwide Mutual Fire Insurance Company (Nationwide).[1]
On April 16, 1996, the Narumanchis' home was flooded, and they suffered damage to property located in the basement. They submitted a claim to Nationwide which Nationwide denied, indicating that the claim came within a policy exclusion for damage to property located in the basement of a home.
On January 10, 2000, the Narumanchis filed a five count complaint, sounding in gross negligence or negligent misrepresentation on the part of Nationwide as to the insurance contract (count one); violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes §42-110b (count two); violation of the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 (count three); unjust enrichment (count four); and a claim for any other equitable relief (count five). In addition, the Narumanchis allege that their five count complaint "comes before this State Court" under the accidental failure of suit statute; General Statutes § 52-592.
On February 18, 2000, Nationwide filed its motion for summary judgment on the ground that the Narumanchis' complaint is barred by the doctrine of res judicata. Nationwide argues that both the breach of contract claim and the fraud claim were decided in a prior action brought in the United CT Page 8454 States District Court for the District of Connecticut by the Narumanchis against Nationwide and FEMA.[2]
 DISCUSSION
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "Moreover, summary judgment is an appropriate vehicle for raising a claim of res judicata . . . ." (Citations omitted.) Joe's Pizza, Inc. v. AetnaLife Casualty Co., 236 Conn. 863, 867 n. 8, 675 A.2d 441 (1996).
Nationwide moves for summary judgment on the ground that there is no genuine issue of material fact, and it is entitled to judgment as a matter of law because the Narumanchis' claims are barred by the doctrine of res judicata. Nationwide argues that the essence of the Narumanchis' present claims is that Nationwide breached the flood insurance contract by failing to provide coverage for the Narumanchis' personal property damage, and that Nationwide committed fraud by misrepresenting the scope of the insurance coverage and by overcharging for premiums. Nationwide argues that in that prior action, the district court granted summary judgment in favor of Nationwide on the breach of contract claim and granted a dismissal in favor of Nationwide on the fraud claim on Fed.R.Civ.P. 9(b) and 12(b)(6) grounds. In addition, Nationwide argues that the Narumanchis did not appeal the grant of summary judgment on the contract claim and thus, the judgment is final. Nationwide also argues that while the Narumanchis appealed the dismissal of the fraud claim, the court of appeals affirmed the district court dismissal. Nationwide argues that the 12(b)(6) dismissal is final. In support of its motion for summary judgment on the ground of res judicata, Nationwide submits the affidavit of Kristen Schultze Greene, who was the counsel of record for Nationwide in the prior action in the district court. Greene attaches, inter alia, the following exhibits: the third revised complaint for the district court action; the memorandum of decision by the district court,Arterton, J.; and the memorandum of decision by the Court of Appeals for CT Page 8455 the Second Circuit on the appeal of the district court decision.
The Narumanchis admit that the district court granted summary judgment on the breach of contract claim. They additionally admit that the district court granted a Rule 9(b) dismissal on the fraud claim, but they argue that this dismissal was not on the merits because a Rule 9(b) dismissal is akin to a motion to strike under Connecticut Practice Book § 10-39. The Narumanchis also argue that under the holding inSouthport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,578 A.2d 646 (1990), the district court's Rule 12(b)(6) dismissal of the fraud claim was not on the merits. Finally, the Narumanchis contend that while the court of appeals affirmed the Rule 9(b) dismissal, it "declined to Rule" on the 12(b)(6) dismissal. Thus, it did not exercise "pendant or supplemental" jurisdiction over the fraud claim and therefore, "nothing in the [s]ummary [o]rder . . . [has] any preclusive effect" over the present claims. The Narumanchis conclude on the basis of these various arguments that res judicata does not operate to bar their present claims.
"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The Rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.) Delahunty v. Massachusetts Mutual LifeIns. Co., 236 Conn. 582, 589, 674 A.2d 1290 (1996).
"We have adopted a transactional test as a guide to determining whether an action involves the same claim as an earlier action so as to trigger operation of the doctrine of res judicata. [T]he claim [that is] extinguished [by the judgment in the first action] includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction,' and what groupings constitute a `series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. . . . In applying the transactional test, we compare the complaint in the second action with the pleadings and the judgment in the earlier action. . (Citations omitted; internal quotation marks omitted.) Id., 590. CT Page 8456
The court applied the first prong of the transactional test to discern whether the present claims mirror claims brought in the federal action. In the third amended complaint before the district court, the Narumanchis asserted a claim, labeled "gross negligence and fraud," alleging that they were never told that their building could not and would not be covered for personal property damage; that they were never told that they need not pay any premium for personal property damage; and that they were never told the amount of the separate premium for personal property damage, but rather were led to believe that the entire premium constituted a non-divisible amount, irrespective of the coverages afforded. In addition, they alleged they were never told that their FEMA direct policy was converted to a WYO policy with Nationwide.
In the present complaint, the Narumanchis allege in count one, labeled "gross negligence or negligent misrepresentation," that Nationwide failed to inform them that the 1989 renewal policy was a Nationwide WYO policy rather than a FEMA policy; that Nationwide failed to inform them that it considered the Narumanchis home to contain a basement, which basement would not be covered under the policy; that Nationwide failed to inform them that their single annual premium consisted of separate premium amounts covering building property and personal property; and that Nationwide failed to inform them of the cost of the premiums so as to overcharge them in the years 1994, 1996 and 1997. Count one, the "gross negligence or negligent misrepresentation" claim presently before this court, merely restates each of the allegations asserted in the "gross negligence and fraud" claim brought in the federal action.
In count two, the Narumanchis reallege the allegations made in count one and additionally claim that Nationwide "[indulges] in unfair or deceptive practices" in violation of the Connecticut Unfair Trade Practices Act (CUTPA); General Statutes § 42-110b. Count two thus mirrors count one, which, as has been noted, restates each of the allegations asserted in the "gross negligence and fraud" claim brought in the federal action.
In count three, the Narumanchis reallege the allegations made in counts one and two and additionally allege that Nationwide "continuously, ignominiously, wantonly, recklessly, negligently, knowingly, voluntarily, deliberately and regularly" involved itself in "unfair [methods] of competition or . . . unfair or deceptive [acts] or [practices] in the business of insurance in violation of the Connecticut Unfair Insurance Practices Act (CUTPA)"; General Statutes § 38a-815. In addition, they allege that Nationwide failed to list rates and premiums for basic coverages under its WYO policy for a period of ten years and that this conduct constitutes a violation of the statutoryCT Page 8457requirements for fire insurance; General Statutes §§ 38a-307 and 38a-308. Count three thus restates the allegations made in counts one and two. It presents no facts in support of its CUTPA claim, but merely asserts in conclusory fashion that Nationwide committed "unfair or deceptive [acts] or [practices] in the business of insurance."[3]
In count four, the Narumanchis reallege the allegations made in counts one, two and three and conclude that Nationwide has been unjustly enriched in that it has collected premiums for personal property coverage although the policy contained an exclusion for property in the basement of a home. This unjust enrichment claim merely restates the allegation made in the federal action that the Narumanchis were not told that their building could not and would not be covered for personal property damage and that they were not told that they need not pay any premium for personal property damage.
In count five, the Narumanchis reallege the allegations made in counts one, two, three and four and request any other equitable relief to which they may be entitled. Insofar as count five presents no new claim, but merely restates claims made in counts one through four and requests equitable relief, it merely restates the claims made in the prior federal action.
The court next considers whether the former federal judgment was a judgment on the merits. The district court dismissed the "gross negligence and fraud" claim pursuant to Fed.R.Civ.P. 9(b), which requires allegations of fraud to detail the form, date and place of the alleged misrepresentation. The court reasoned that the Narumanchis' vague and conclusory allegations that Nationwide had engaged in fraudulent conduct for twenty odd years did not meet the Rule 9(b) standard. The district court also dismissed the "gross negligence and fraud" claim pursuant to Fed.R.Civ.P. 12(b)(6), reasoning that the Narumanchis had failed to state a cause of action for fraud under Connecticut law.[4]
The Narumanchis appealed the dismissal to the Court of Appeals for the Second Circuit which noted that as to the district court's dismissal of the fraud claim on the Rule 12(b)(6) ground, "there [existed] a serious question as to the correctness of [the] . . . conclusion [that] the Narumanchis had failed to state a claim for fraud under Connecticut law." The court of appeals held that it need not decide that issue because it affirmed the court's dismissal on the Rule 9(b) ground. It reasoned that the Narumanchis' fraud claim merely alleged "`concealment' . . . `gross misrepresentation of material facts' and `intentional perversions of truth' . . . without presenting any specific facts indicating that Nationwide knew that the Narumanchis misunderstood who carried their insurance, the scope of their coverage or the breakdown of their premiums, let alone that Nationwide deliberately misled them." CT Page 8458
A court of appeals is "free to affirm [a] district court [decision] on any [ground] for which there is a record sufficient to permit conclusions of law." Fund for Animals v. Babbitt, 89 F.3d 128, 134 (2d Cir. 1996). "If an appellate court considers only one of a lower court's alternative bases for its holding, affirming the judgment without reaching the alternative bases, only the basis that is actually considered can have any preclusive effect in subsequent litigation." Niagara Mohawk PowerCorp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 754 (2d Cir. 1996); Moran Towing Transportation Co., Inc. v. Navigazione LiberaTriestina, S.A., 92 F.2d 37, 39-40 (2d Cir.), cert. denied, 302 U.S. 744,58 S.Ct. 145, 82 L.Ed.2d 575 (1937) (finding no res judicata effect from alternative holding not reviewed on appeal); Cristofaro v. Burlington,217 Conn. 103, 109, 584 A.2d 1168 (1991) (finding no res judicata effect where appellate court declined to consider merits of claim but affirmed on other grounds); see also Gelb v. Royal Globe Ins. Co., 798 F.2d 38,45, (2d Cir. 1986), cert. denied, 480 U.S. 948, 107 S.Ct. 1608,94 L.Ed.2d 794 (1987) ("[I]f an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground.") Insofar as the court of appeals affirmed the district court's Rule 9(b) dismissal of the fraud claim without reaching the alternative Rule 12(b)(6) basis for dismissal, neither the court of appeals nor the district court rendered a final judgment as to whether the Narumanchis stated a claim for fraud under Connecticut law.
Additionally, insofar as the present complaint sounds in negligent misrepresentation as well as causes of action resting on negligent misrepresentation, Nationwide has failed to establish, as a matter of law, that the judgment of the court of appeals has res judicata preclusive effect so as to bar the present complaint. Nationwide's motion for summary judgment is therefore denied.
Jonathan E. Silbert, Judge