[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPEAL
Perry Lewis, Basha Szymanska and Downingtown Manufacturing Company (the plaintiffs), as owners of subdividable land subject to newly enacted amendments and trustees of the Basha Szymanska Trust, appeal the decision of the defendant planning and zoning commission of Ridgefield (commission). The commission amended the Ridgefield subdivision regulations by imposing lot size requirements that are stricter than the lot size requirements in the zoning regulations. Additionally, the commission amended the regulations to exclude any land underneath lakes and ponds as well as eighty percent of land having a slope of twenty percent or more.
 BACKGROUND
This appeal is on remand from the Appellate Court. The trial court,Radcliffe, J., previously determined that the plaintiffs lacked standing to raise the present appeal. The Appellate Court held that the plaintiffs are aggrieved and entitled to bring this administrative appeal. The court then remanded the appeal to the trial court for further proceedings. The following facts are undisputed and adopted from the decision in Lewis v.Planning Zoning Commission 62 Conn. App. 284, 285-86, 771 A.2d 167
(2001)
On September 8, 1998, the commission amended §§ 2-31 and 4-39 of the Ridgefield subdivision regulations governing lot area calculations.[1]
The revisions to §§ 2-31 and 4-39 expanded the definition and method for calculating lot area for subdividable land. The amendments altered the lot area calculation by discounting any land underneath lakes and ponds and including only twenty percent of land having slopes of twenty-five percent or greater. The amendments reduce the number of subdivision lots any particular owner can develop and sell. The plaintiffs collectively own 277 acres of the town's 4121 acres of subdividable land. The plaintiffs appealed the commission's decision asserting aggrievement as owners of at least six percent of the land affected by the amended regulations. The parties agree that the commission adhered to all of the relevant statutory requirements and published notice of its decision. With the issue of aggrievement resolved, the court now considers the substantive claims of the plaintiffs' appeal.
 DISCUSSION
The plaintiffs allege that the commission acted illegally, arbitrarily and in abuse of its discretion in the hollowing ways: (1) exceeding its authority in passing amendments that contravene existent zoning regulations; (2) enacting legislation that is discriminatory and violative of the plaintiffs' equal protection rights; (3) unnecessarily excluding land and increasing lot size when the zoning regulations and public health code already govern this subject matter; and (4) amending CT Page 2444 the regulations despite the absence of substantial evidence on the record.
The plaintiffs argue that there is no statutory authority supporting the commission's amendments to the subdivision regulations. General Statutes § 8-26 allows a planning commission to authorize subdivisions "provided nothing in this section shall be deemed to authorize the commission to approve any such subdivision or resubdivision which conflicts with applicable zoning regulations."[2] Accordingly, the planning commission cannot act in any way, whether in a legislative or administrative capacity, that infringes upon the legislative function of the zoning commission.
"[T]he functions of zoning authorities and planning commissions are separate yet related, even if the two have the same members." (Internal quotation marks omitted.) Cristofaro v. Burlington, 217 Conn. 103, 106,584 A.2d 1168 (1991). "As a planning commission its duty is to prepare and adopt a plan of development for the town. . . . Such a plan is controlling only as to municipal improvements and the regulation of subdivisions of land. . . . Zoning, on the other hand, is concerned with the use of property. . . ." (Internal quotation marks omitted.) Id. Section 8-2 (a) provides that "[t]he zoning commission . . . is authorized to regulate . . . the density of population . . . and the use of buildings, structures and land. . . ."[3] General Statutes § 8-2
(a). Section 8-23 (a), however, states that the planning commission "shall prepare, adopt and amend a plan of conservation and development for the municipality."[4] General Statutes § 8-23 (a). "Thus, the legislature has determined that a zoning authority is properly concerned with the use of land, whereas the duties of a planning commission are directed primarily toward municipal development." Cristofaro v.Burlington, supra, 217 Conn. 106-07.
A planning commission's authority to enact subdivision regulations is set out in General Statutes § 8-25 (a). The section provides in relevant part that "[b]efore exercising the powers granted in this section, the commission shall adopt regulations covering the subdivision of land." General Statutes § 8-25 (a).[5] "It has been said that the whole field of subdivision is peculiarly a creature of legislation. It is therefore imperative that before subdivision regulations may be made operative, the necessary statutory authorization for such regulation must exist. . . . In other words, in order to determine whether the regulation in question was within the authority of the commission to enact, we do not search for a statutory prohibition against such an enactment; rather, we must search for statutory authority for the enactment." (Internal quotation marks omitted.) Smith v. Zoning Board ofAppeals, 227 Conn. 71, 81, 629 A.2d 1089 (1993), cert denied, 510 U.S. 1164, CT Page 2445114 S.Ct. 1190, 127 L.Ed.2d 540 (1994). Accordingly, the court must look to the statutory sections regarding the powers of the planning and zoning commission to determine whether the amendments at issue are legitimate.
In an analogous case, our Supreme Court addressed a situation where the planning commission was found to have usurped the zoning commission's authority. In Cristofaro v. Burlington, the court held that a planning regulation governing lot size and density "constitutes an impermissible encroachment into the legislative function of the zoning authority."Cristofaro v. Burlington, supra, 217 Conn. 107. In that case, the planning commission enacted a regulation imposing a minimum lot size greater than that established under the relevant zoning regulation.[6]
Id. The court opined that "[a] planning commission has no power to make, amend or repeal existing zoning regulations or zone boundaries." (Internal quotation marks omitted.) Id. "[B]y enacting a regulation that effectively amends or alters an existing zoning regulation, the planning commission has exceeded its statutory mandate." Id. The court also noted that the planning regulation impacted most of the town and, therefore, effectively repealed the relevant zoning law. Id., 108.
In the present case, the commission amended the town subdivision regulations establishing a new minimum lot requirement for subdividable land and excluding certain land from the lot size calculus. These amendments implicate land use and population density. The zoning commission, pursuant to § 8-2, however, previously enacted zoning laws establishing lot size and density requirements.[7] The amendments purport to establish a minimum lot size which is greater than that required under the zoning regulations and, therefore, violate §§ 8-2
and 8-26.
The commission analogizes Smith v. Zoning Board of Appeals to the present case. In Smith, property owners submitted a subdivision application to the planning and zoning commission regarding land located within a historic district. Smith v. Zoning Board of Appeals, supra,227 Conn. 74. The commission ultimately denied the application because it would disturb the character of the historic district. Id., 76. The plaintiffs appealed to the planning and zoning board of appeals contesting the denial. The board concluded that the subdivision application conflicted with the subdivision regulations and affirmed the commission's denial. Id., 77. On appeal to the trial court, the court determined that the commission had the authority to consider historical factors in rendering its decision on the application. Id., 78. The Appellate Court reversed the trial court and held that the commission lacked the authority to consider historical factors. Id., 79-80.
The Supreme Court granted certiori to determine whether the commission CT Page 2446 acted within its statutory mandate. The court reiterated the proposition that a planning commission's authority to enact subdivision regulations must stem from a statutory source. Id., 81-82. In Smith, the relevant authority included the Greenwich town charter and the subdivision regulations. The court proceeded to determine whether the charter, which mirrored the parameters set out in § 8-25 (a), provided the commission with the authority to consider historical factors. Id., 82. To accomplish this, the court interpreted the meaning of "health or the public safety" as provided in the charter. Id., 84. The court held in favor of the commission and concluded that the phrase "health or the public safety" incorporates environmental factors, which, in turn, includes historical considerations. Id., 86. In addition, the court found express authority in the subdivision regulations permitting the commission to consider historical factors. Id., 89.
The holdings in both Smith and Cristofaro instruct this court to ascertain whether any statutory authority exists to support the commission's actions. Statutory authority is necessary for the commission to act in either its legislative or administrative capacity. The commission argues, however, that because it was acting in its legislative capacity, the court should therefore defer to its broad authority to enact subdivision regulations.[8] This argument is unpersuasive. Before a planning commission can shield its actions behind its legislative power, the court must first determine if it acted within its statutoryauthority. (Emphasis added.) This Court cannot so find.
 CONCLUSION
For the foregoing reasons, the court finds that the commission acted beyond the scope of its statutory authority in amending the subdivision regulations. The Appeal is hereby sustained[9].
The Court
By Holden, J.